IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY LANE,

    Plaintiff,                    No. CIV S-06-0297 LKK JFM P

   vs.

LT. K. PROVIDENCE, et al.,

    Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed March 14, 2006, the court found that plaintiff had stated a cognizable claim against defendants Providence, Hamilton, Edwards, Bailor, Chappel and Richardson. On July 6, 2007, those defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), alleging plaintiff had failed to exhaust his administrative remedies prior to bringing this action. Plaintiff has filed an opposition.

        "Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion must precede the filing of the complaint and that compliance with the

1

1  statute is not achieved by satisfying the exhaustion requirement during the course of an action.

2  McKinney, 311 F.3d at 1199.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, at 929-30.

In the instant action, plaintiff and his cellmate were involved in mutual combat on January 12, 2004. (Compl. at 3.) Plaintiff filed and attempted to file numerous grievances concerning his claim that his due process rights were subsequently violated. (Compl. at 15-18 (grievance dated March 9, 2004); Opp'n at 5 (rejection dated March 11, 2004); Opp'n at 6 (rejection dated April 23, 2004); Compl. at 25-28 (grievance dated May 19, 2004, marked "rejected" May 24, 2004); Opp'n at 7 (rejection dated May 24, 2004); Compl. at 19-21 (grievance dated July 2, 2004, Log No. 04-M-1158); Compl. at 24 (rejection dated July 11, 2004); Compl. at 25-28 (grievance dated August 6, 2004, marked "Duplicate Issue & Rejected" August 10, 2004); and Compl. at 22-23 (First Level Appeal Response dated August 19, 2004, Log No. 04-M-1158).

In his opposition, plaintiff contends he made every attempt to resolve his grievance through the administrative process. In response to defendants' contention that plaintiff failed to appeal his complaint No. 04-M-1158 to the third level of review, plaintiff refers the court to his earlier attempts to bring grievances, all of which, however, pre-date the August 19, 2004 first level denial. (Opp'n at 4.)

/////

1    Thus, while plaintiff may have a cognizable claim, he may not file a civil rights
2 action in federal court concerning that claim until he has exhausted his administrative remedies.
3 While it appears plaintiff had difficulty obtaining the first level review, he was provided a first
4 level decision on August 19, 2004 in Log No. 04-M-1158. (Compl. at 22-23.) Plaintiff was then
5 required to pursue that grievance to the second and third levels of review, which plaintiff has not
6 done. Defendants have provided declarations confirming that no additional appeals were
7 submitted to the appeals office concerning Log No. 04-M-1158. (Motion, Ex. A at 3, Ex. B at 6.)
8 Plaintiff was required to pursue an appeal to the director's level prior to bringing suit in federal
9 court. The documents appended to plaintiff's complaint and opposition to the motion demonstrate
10 that plaintiff did not do so.
11    Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's complaint be
12 dismissed without prejudice for failure to exhaust administrative remedies.
13    These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties. Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
18 shall be served and filed within ten days after service of the objections. The parties are advised
19 that failure to file objections within the specified time may waive the right to appeal the District
20 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21 DATED: July 27, 2007.

                                UNITED STATES MAGISTRATE JUDGE

25 /001; lane0297.fte