1
2
3
4
5
6
7                          IN THE UNITED STATES DISTRICT COURT
8                        FOR THE EASTERN DISTRICT OF CALIFORNIA
9   ANTHONY LANE,
10          Plaintiff,                              No. CIV S-06-0297 LKK JFM P
11      vs.
12  LT. K. PROVIDENCE, et al.,
13          Defendants.                             ORDER
14  _____/

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On July 27, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. On August 10, 2007, plaintiff filed objections to the findings and recommendations. On August 20, 2007, plaintiff filed additional objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

1

In his objections, plaintiff contends that all of his efforts to exhaust his administrative remedies were thwarted by Correctional Officer Cry who rejected or otherwise blocked all of his grievances. Plaintiff asks the court to contact William Walker, a witness who could attest to Officer Cry blocking plaintiff from submitting his appeal to the second level, and refers the court to page 11 of his complaint. (August 10, 2007 Objections at 1; August 20, 2007 Objections at 1.) William Walker provided a statement concerning plaintiff's conversation with Correctional Officer Edwards on March 26, 2004 concerning a 115. (Complaint at 11.) There is no reference to Correctional Officer Cry or to the alleged rejection or blocking of grievances. Moreover, the facts related by Mr. Walker pre-date the first level decision rendered on August 19, 2004 in Log No. 04-M-1158. (Id.) The documents plaintiff appended to his additional objections also pre-date the August 19, 2004 first level decision.[1] (August 20, 2007 Objs., Ex. 1.)

Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, ___ U.S. ___, 126 S.Ct. 2378, 2382 (2006). In addition, prisoners must exhaust administrative remedies before submitting any papers to the federal courts. Vaden v. Summerhill, 449 F.3d 1047, 1048, 1051 (9th Cir. 2006); McKinney v.. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002). The Supreme Court has cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741 n.6. (2001).

Although plaintiff claims all of his efforts to exhaust his grievance underlying the instant claim were blocked or rejected, the record evidence demonstrates that he obtained a first level decision in Log No. 04-M-1158. None of the rejected or blocked grievances provided were
/////

---

[1] These documents were also appended to plaintiff's complaint. (Complaint at 24-28.)

1  dated after the first level decision was rendered on August 19, 2004.  Plaintiff has therefore
2  failed to demonstrate exhaustion of administrative remedies prior to filing the instant action.
3        Accordingly, IT IS HEREBY ORDERED that:
4        1.  The findings and recommendations filed July 27, 2007, are adopted in full; and
5        2.  Plaintiff's complaint is dismissed without prejudice for failure to exhaust
6  administrative remedies.
7  DATED: September 11, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT