IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY LANE,

      Plaintiff,                       No. CIV S-06-0297 LKK JFM P

      vs.

LT. K. PROVIDENCE, et al.,

      Defendants.            ORDER

_____/

      On October 1, 2007, plaintiff filed a request for reconsideration of this court's order filed September 12, 2007, dismissing the complaint for failure to exhaust administrative remedies. Plaintiff contends that "[n]ot one 602 submitted by plaintiff made it through screening." (Id. at 1.)

<u>Standards For Motions To Reconsider</u>

      Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which

1

provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

In the instant action, plaintiff attempts to raise the same allegation already addressed in this court's September 12, 2007 order (at pages 2-3). Plaintiff has provided no new or additional evidence that he pursued Log No. 04-M-1158 through the third level decision prior to bringing suit in federal court.

Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's order of September 12, 2007 is affirmed.

DATED: October 22, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

2